**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WAQAR PERVAIZ,

    *Petitioner*,

    v.                                                                No. 2:26-cv-00557-SMD-JHR

DORA CASTRO, *et al*.,

    *Respondents*.

## **ORDER**

Before the Court is the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Application for Order to Show Cause ("Petition"), filed on February 25, 2026, by Petitioner Waqar Pervaiz. Doc. 1. Petitioner, a 32-year-old citizen of Pakistan, is currently detained by Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center. *See id.* ¶¶ 1, 5.

Petitioner is currently in removal proceeding under Section 240 of the Immigration and Nationality Act ("INA"). *Id.* ¶ 1. According to the Notice to Appear issued by the Department of Homeland Security ("DHS"), Petitioner entered the United States at or near Otay Mesa, California, on or about January 27, 2025, and has remained in ICE custody since that date. *Id.* ¶¶ 1, 24.

On August 11, 2025, Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal. *Id.* ¶ 2. An immigration judge subsequently denied the asylum application but granted Petitioner withholding of removal and protection under the Convention Against Torture ("CAT"). *Id.* ¶ 3. Petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA") on November 7, 2025, which remains pending. *Id.* ¶ 4; Doc. 14.

As of the date of this Order, Petitioner has been in custody for 18 months and asserts that his detention remains indefinite, with no foreseeable prospect of removal. *See* Doc. 1 ¶ 24.

Petitioner seeks immediate release, or, in the alternative, a prompt and constitutionally adequate bond hearing based on following counts: (1) violations of his Fifth Amendment Due Process rights; and (2) the contention that he is detained under 8 U.S.C. § 1226, which entitles him to an individualized bond hearing.  *See id*. ¶¶ 35–46.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal.  *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

### I.        Section 1225, Not Section 1226, Governs Petitioner's Detention.

Both parties appear to rely on incorrect statutory provisions and legal theories, perhaps as a result of copying from a template.  Petitioner conclusorily asserts that § 1226, rather than § 1225, governs his detention, even though he does not dispute that immigration authorities took him into custody upon his arrival at the United States border.  *See* Doc. 1 ¶ 1.  "§ 1225 generally applies at the border while § 1226 applies in the country's interior."  *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *3 (10th Cir. June 30, 2026).  Petitioner is indisputably an arriving alien, so § 1225 governs his detention.  Petitioner never explains why, despite his status as an arriving alien, § 1226 governs his detention or entitles him to an individualized bond hearing.

2

Respondents likewise appear to miss the mark. They acknowledge that Petitioner remains in removal proceedings because his appeal before the BIA is still pending. Doc. 10 ¶ 25. Yet they argue that he "is lawfully detained pursuant to 8. U.S.C. § 1231(a)(6)." *Id.* Respondents further contend that *Zadvydas* and § 1231(a)(6) authorize continued detention and maintain that Petitioner has failed to show that removal is not reasonably foreseeable. *See id.* ¶ 20. This is the wrong legal standard.

As Respondents themselves recognize, "[o]nce an alien becomes subject to an administratively final removal order, the authority for his detention shifts to 8. U.S.C. § 1231(a)." *Id.* ¶ 15. A removal order becomes administratively final when BIA reviews it or when the time for seeking BIA review expires. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021); *see also Luna-Garcia v. Holder*, 777 F.3d 1182, 1185 (10th Cir. 2015) ("The INA defines finality in terms of the availability of review by the BIA: a removal order 'becomes final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals.'").

Here, the record establishes that Petitioner's appeal is still pending before the BIA, meaning the removal order is not yet administratively final. *See* Doc. 1 ¶ 4; Doc. 10 ¶ 26. Consequently, it is not governed by § 1231(a), a position Respondents concede: "Petitioner appealed the removal order entered by the immigration judge. As a result, the removal order has not yet become a final order." Doc. 10 ¶ 26. Instead, as an arriving alien detained at the border, Petitioner's custody is governed by § 1225.

**II.      Petitioner Is Not Entitled to Relief Under Procedural Due Process Principles.**

Because *Jennings* held that § 1225(b) does not contain an implicit reasonableness limitation or permit judicial release, attention has turned to constitutional challenges, with courts now "sharply disagree[ing] about the reach of the Due Process Clause as applied to arriving aliens." *Jennings*, 583 U.S. at 298–301; *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020); *Horbenko v. Castro*, No. 2:25-CV-0764 WJ/DLM, 2026 WL 381867, at *7 (D.N.M. Feb. 11, 2026), *report and recommendation adopted*, No. 2:25-CV-0764 WJ/DLM, 2026 WL 702459 (D.N.M. Mar. 12, 2026).

Some courts have held that, at some point, due process entitles a noncitizen subject to prolonged detention under § 1225(b) to an individualized bond hearing before an immigration judge, or some other form of individualized review of eligibility for release beyond the opportunity to request discretionary parole under Section 1182(d)(5). *E.g.*, *Mbalivoto v. Holt*, 527 F. Supp. 3d 838, 848–51 (E.D. Va. 2020); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772–73 (S.D. Cal. 2020); *Clerveaux v. Searls*, 397 F. Supp. 3d 299, 309–22 (W.D.N.Y. 2019).

Other courts have held that due process imposes no time limit or hearing requirement while an alien is detained pending removal proceedings. *E.g.*, *Banyee v. Garland*, 115 F.4th 928, 931-34 (8th Cir. 2024) (holding that Supreme Court authorities "leave no room for a multi-factor 'reasonableness' test" and set a bright-line rule permitting detention under § 1225(b) as long as deportation proceedings are still pending); *Giraldo Nieto v. Ceja*, No. 1:24-CV-02821-DDD-NRN, 2025 WL 4087626, at *6 (D. Colo. June 12, 2025). *Aguayo v. Martinez*, No. 1:20-cv-00825-DDD-KMT, 2020 WL 2395638, at *4 (D. Colo. May 12, 2020); *Poonjani v. Shanahan*, 319 F. Supp. 3d 644, 647-50 (S.D.N.Y. 2018).

4

The Tenth Circuit has not addressed the issue. *See Giraldo Nieto*, 2025 WL 4087626, at *7. This Court holds that procedural due process does not entitle inadmissible arriving alien subject to prolonged detention to release or a bond hearing before removal proceedings conclude. *See Gonzalez Aguilar*, 448 F. Supp. 3d at 1205–12. Under *Mezei* and *Sierra*, such aliens are entitled only to the statutory procedures Congress has authorized, and under *Jennings*, the procedures in § 1225(b) provide neither bond hearings nor any time limit on detention while removal proceedings are pending. *Gonzalez Aguilar*, 448 F. Supp. 3d at 1205–12 (citing *Sierra v. INS*, 258 F.3d 1213, 1215–16 (10th Cir. 2001); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212–16 (1953)).

### III.    Petitioner Is Entitled to Relief Under Substantive Due Process Principles.

Under the specific facts of this case, however, Petitioner's 18-month detention violates his substantive due process rights, entitling him to relief. While *Jennings* imposes no bright-line limit on a noncitizen's detention, the Supreme Court declined to decide whether mandatory detention under §§ 1225(b) and 1226(c) remains subject to independent constitutional limitations. *Mardanpour v. Warden*, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *4 (D.N.M. Apr. 9, 2026).

Federal circuit and district courts have long held deportable aliens in custody more than a few months must be released because such detention has become imprisonment. *Wolck v. Weedin*, 58 F.2d 928, 930–31 (9th Cir. 1932); *Caranica v. Nagle*, 28 F.2d 955, 957 (9th Cir. 1928), *cert. denied*, 277 U.S. 589 (1928); *United States ex rel. Ross v. Wallis*, 279 F. 401, 403–04 (2d Cir. 1922); *United States ex rel. Janavaris v. Nicolls*, 47 F. Supp. 201 (D. Mass. 1942). The Tenth Circuit has also recognized that inadmissible aliens in physical custody in the United States enjoy

5

some procedural and substantive due process protections under the Fifth Amendment. *See Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981).

"The Due Process Clause is not offended by the mandatory detention of noncitizens for the '*brief period necessary* for their removal proceedings.'" *Rasel v. Barr*, 455 F. Supp. 3d 38, 47 (W.D.N.Y. 2020) (quoting *Demore*, 538 U.S. at 513 (2003)). However, "[w]ere there to be an unreasonable delay . . . in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." *Demore*, 538 U.S. at 532–33 (Kennedy, J., concurring); *Arias Abreu v. Bondi*, No. 1:26-CV-00487-KG-GBW, 2026 WL 800723, at *2 (D.N.M. Mar. 23, 2026). Under the circumstances, Petitioner's 18-month detention constitutes an unreasonable delay.

A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015); *United States v. Salerno*, 481 U.S. 739, 747 (1987); *Giraldo Nieto*, 2025 WL 4087626, at *8. Here, an immigration judge granted CAT withholding on October 20, 2025. *See* Doc. 1 ¶ 3. The case has been pending before the BIA since November 7, 2025, still without a briefing schedule. *Id.* ¶ 4; Doc. 14.

Respondents' only apparent justification for continued detention is that Petitioner has chosen to exercise his right to appeal and pursue an asylum claim. But exercising the right to appeal should not require surrendering one's physical liberty as collateral. "[S]uch imprisonment is impermissible punishment rather than detention pending deportation." *See Rodriguez-Fernandez*, 654 F.2d at 1387. Indefinitely detaining Petitioner solely because he seeks to exhaust

his right to an appeal lacks a legitimate regulatory purpose and amounts to impermissible punitive detention in violation of his substantive due process rights. *Mardanpour*, 2026 WL 963164, at *3.

Here, the Court finds that Petitioner's indefinite detention, already exceeding 18 months, is constitutionally excessive in relation to the government's legitimate, nonpunitive purpose of facilitating removal. Petitioner's appeal to the BIA, and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years. Under these circumstances, Petitioner's indefinite detention of more than 18 months is punitive and violates his substantive due process rights. *Rodriguez-Fernandez*, 654 F.2d at 1387 (finding that indefinite detention, "continued beyond reasonable efforts to expel the alien[,]" constitutes punishment in violation of the Fifth Amendment); *Mardanpour*, 2026 WL 963164, at *6.

Respondents are not without a remedy: it may re-initiate the removal process if a constitutionally adequate immigration proceeding determines that Petitioner should be removed. What they may not do is let Petitioner languish in indefinite imprisonment, which effectively punishes him for pursuing his legal remedies and appealing to the BIA.

## CONCLUSION

It is hereby **ORDERED**:

1) Petitioner Waqar Pervaiz's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **CONDITIONALLY GRANTED**;

2) Respondents are **ORDERED** to release Petitioner within 14 calendar days of the date of this Order, under appropriate conditions of supervision, unless the government provides Petitioner with an individualized bond hearing before an immigration judge. At such hearing, the burden shall be on the government to

7

justify Petitioner's continued detention by clear and convincing evidence that

he is either a flight risk or a danger to the community if released;

3)    If no hearing occurs within 14 calendar days of this Order, Petitioner **SHALL**

be released from detention, subject to reasonable conditions of release, such as

electronic monitoring and/or regular check-ins;

4)    The Court will separately enter Final Judgment in favor of Petitioner but retain

jurisdiction over this matter to ensure compliance with this Order.


**IT IS SO ORDERED**.


_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**

8